IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN TURNAGE,

                        Petitioner,

v.

LOUIS WILLIAMS, II,

                        Respondent.

OPINION & ORDER

17-cv-696-jdp

---

Pro se petitioner John Turnage is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). He is serving a sentence for a 2004 conviction for drug possession with a career-offender enhancement. Turnage has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.

The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I will dismiss the petition only if it plainly appears that Turnage is not entitled to relief. As discussed below, Turnage is not entitled to the relief he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

I draw the following facts from Turnage's petition, Dkt. 1, and from judicial opinions issued during Turnage's appeals and postconviction proceedings.

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* § 2243.

Turnage was charged with possession with intent to distribute 50 grams or more of cocaine base in the United States District Court for the District of North Dakota. Following a 2004 jury trial, he was found guilty of a lesser-included offense, possession with intent to distribute five or more grams of cocaine base.

In 2006, Turnage moved to vacate or set aside his conviction under 28 U.S.C. § 2255 in the District of North Dakota. The motion was denied. Turnage then filed a series of petitions under § 2241 challenging the validity of his federal conviction and sentencing. These petitions were all denied.

In his current § 2241 petition, Turnage contends that (1) the trial court broadened the possible basis for his conviction by instructing the jury on possession with intent to distribute five or more grams of cocaine base, resulting in an unconstitutional conviction, and (2) his conviction for possession with intent to distribute five or more grams of cocaine base violates the Double Jeopardy Clause of the Fifth Amendment because the jury found him not guilty of possession with intent to distribute 50 grams or more of cocaine base.

ANALYSIS

Although postconviction relief to federal prisoners generally must proceed under § 2255, Turnage brings this challenge under § 2241. A federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)).

2

The Seventh Circuit has established that three conditions must be present before a petitioner can proceed under § 2241 pursuant to the "inadequate or ineffective" exception. First, the petitioner must be relying on a new statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that is retroactive on collateral review and that he could not have invoked in his § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

Here, Turnage cannot demonstrate that any of the conditions are met. He has not identified a new statutory interpretation case, much less a new case that applies retroactively on collateral review. Instead, he relies on constitutional interpretation cases that were decided before his conviction. *See, e.g.*, *United States v. Hill*, 196 F.3d 806 (7th Cir. 1999); *Stirone v. United States*, 361 U.S. 212 (1960); *Blockburger v. United States*, 284 U.S. 299 (1932). Nor has he identified any error, let alone a miscarriage of justice. Instructing the jury on the lesser-included offense of possession with intent to distribute five or more grams of cocaine base did not broaden the charges because that offense is exactly the same as the charged offense except for the smaller amount of cocaine base—five grams instead of 50. It is appropriate to instruct the jury on such a lesser-included offense as long as there is enough evidence to permit a rational jury to conclude that the defendant was guilty of it. *Hill*, 196 F.3d at 807. Turnage does not allege that there wasn't sufficient evidence here. It is only when a defendant is convicted of an offense concerning different conduct than the conduct originally charged in the indictment that the Fifth Amendment is violated. *See United States v. Thompson*, 23 F.3d

3

1225, 1231–32 (7th Cir. 1994) (citing *Stirone*, 361 U.S. 212). As for Turnage's second contention, the Double Jeopardy Clause bars multiple punishments for the same offense. *See Blockburger*, 284 U.S. at 304. But Turnage says he was convicted of only one offense—that is, the jury found that he had not possessed 50 grams of cocaine base, but rather somewhere between 5 and 49 grams of cocaine base. So the Double Jeopardy Clause is not at issue. Turnage's allegations do not show any error of law; rather, they show the normal and proper treatment of lesser-included offenses in a criminal trial.

It plainly appears that Turnage is not entitled to relief under § 2241, so I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. John Turnage's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered September 20, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge